# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CATHERINE CORNELIUS, as mother and next friend to GUY CORNELIUS, a minor, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-02054 <br> JURY DEMANDED |
| HANGZHOU GREAT STAR INDUSTRIAL CO., LTD., GREAT STAR INDUSTRIAL USA, LLC, and HAAS OUTDOORS, INC., | |
| Defendants. | |

## REPORT OF RULE 26(F) PLANNING MEETING

Plaintiff Catherine Cornelius, as mother and next friend to Guy Cornelius, a minor, (hereinafter "Plaintiff") and Defendants Hangzhou Great Star Industrial Co., Ltd. and Great Star Industrial USA, LLC (hereinafter "Defendants") by and through their respective counsel, jointly file this Report of Rule 26(f) Planning Meeting in accordance with Federal Rule of Civil Procedure 26(f) and the Court's directive in its Case Management Instructions – Standard Civil Cases. The parties state as follows:

1) **Attendance at Discovery Conference:**

Parker B. Simpson, counsel for the Plaintiff, and Louise Biedenharn and Austin Hord, counsel for Defendants, conferred via email on April 8, 2024, via telephone on April 24, 2024, and again via email on June 26, 2024, and prepared this discovery plan. Pursuant to Local Rule 16.2, a Scheduling Conference will be held on June 28, 2024.

2) <u>**Discovery Plan**</u>:

   a) **Changes to the timing, form, or requirement for disclosures under Rule 26(a).**

   Plaintiff and Defendants (hereinafter the "Parties") agree that no changes should be made in the form or requirement to the Rule 26(a) disclosures. The parties will exchange Rule 26 Initial Disclosures on or before July 16, 2024, or as directed by the Court in the scheduling order to be entered.

   b) **Subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   The subjects on which discovery may be needed are not currently fixed, but are expected to include, but are not limited to:

**Plaintiff's Discovery Subjects:**
- Information related to the subject knife and similar knives manufactured by Defendants;
- Information related to the manufacturing process of Defendants' knives;
- Information related to the safety mechanisms of Defendants' knives;
- Information related to reporting manufacturing issues and the chain of communication for remediation;
- Information related to the marketing, licensing, packaging, and warning label of the subject knife and similar knives manufactured by Defendants;
- Information related to any potential witnesses, employees, or agents of Defendants with relevant information;
- Information related to distribution of Defendants' products;
- Information related to known malfunctions/mechanism failures in similar knives manufactured by Defendants;
- Information related to other reports of injury due to any mechanism failure in Defendants' knives or other manufactured products;
- Information related to third-party vendors used by Defendants in the manufacturing of the subject knife;
- Information related to any internal communication or correspondence regarding the subject knife, the Plaintiffs, manufacturing of the type of knives that caused Plaintiffs' injuries, and remediation;
- Information related to any communication or correspondence amongst the Defendants regarding the Plaintiffs, the subject incident, or the subject knife;
- Information needed to assess a potential jury pool.

**Defendants' Discovery Subjects:**
- Information related to the incident;

- Information related to the subject knife;
- Information related to other lawsuits or criminal matters involving Catherine and Guy Cornelius;
- Information related to the activities of the Catherine and Guy Cornelius in the period of time prior to and subsequent to the incident;
- Information related to the medical history, past and present, of Guy Cornelius;
- Information related to the injuries and damages claimed by Catherine and Guy Cornelius;
- Information related to the living situation, education, and employment, past and present, of Catherine and Guy Cornelius;
- Information related to any outstanding bills or liens that would be pertinent to this matter;
- Information related to Guy Cornelius's treating physicians and all named experts;
- Information related to any potential witnesses;
- Information needed to assess a potential jury pool; and
- Information related to any communication or correspondence amongst the Parties.

Discovery should be completed in accordance with the dates set forth in the scheduling order to be entered by the Court.

**c) How the disclosure, discovery, or preservation of electronically stored information will be conducted, including a description of the parties' proposals and the form or forms for production;**

The Parties agree that documents and electronically stored information shall be produced in PDF format (text-searchable whenever possible). Once a PDF is produced, the producing party must continue to preserve the integrity of the native file, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in PDF format is complete, a requesting party must demonstrate a particularized need for production of electronically stored information in its native format. *See* Local Rule 26.1(e)(6).

**d) Any issues about claims of privilege or of protection as trial preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the Court to include their agreement in an order.**

At this time, the Parties do not anticipate the need for a stipulated confidentiality order. If it becomes likely that discovery proceedings will arise that could require the disclosure of confidential or other sensitive information, within the meaning of Federal Rule of Civil Procedure

3

26(c), the Parties agree to confer for the purposes of having an agreed protective order and confidentiality agreement. Consent to same will not be unreasonably withheld.

Additionally, it is possible that some of the information sought in discovery may be subject to claims of attorney-client and/or work product privilege. To the extent that claims of privilege arise, the Parties anticipate that the procedures established by Federal Rule of Civil Procedure 26(b)(5) will be sufficient to address such claims and related issues.

e) **The maximum number of interrogatories by each party to another party, along with dates the answers are due.**

Due to the nature of this litigation, the parties anticipate needing more than the 25 written interrogatories permitted by Fed. R. Civ. P. 33(a)(1). Accordingly, the Parties may serve on any other party no more than 35 written interrogatories, absent relief from the Court to increase said number, after a request to increase said number. The answers shall be due within the time permitted by Fed. R. Civ. P. 33(b)(2), unless the party, propounding the interrogatories, grants an extension in writing.

f) **The maximum number of requests for admissions, including dates when responses are due.**

The Parties agree to a maximum number of Requests for Admission of 45 for each party, to be completed by the close of discovery, absent relief from the Court requested by a party to increase said number.

g) **The maximum number of depositions for each party and limits on the length of depositions, in hours.**

The Parties agree to the following maximum number of depositions:

- The Plaintiff is limited to a maximum of fifteen (15) depositions, absent a request by the Plaintiff to increase said number and subsequent relief from the Court.

- The Defendants are limited to a maximum of fifteen (15) depositions, absent a request by the Defendants to increase said number and subsequent relief from the Court.

No single deposition will last longer than eight (8) hours.

**h) Dates for exchanging expert witness reports.**

Plaintiff will disclose expert information and reports on or before November 22, 2024. Defendants will make such disclosures on or before December 20, 2024.

**i) Dates for supplementation under Rule 26(e).**

Supplementation under Rule 26(e)(2) is to be made by each party by February 20, 2025.

**j) Final dates to amend pleadings or join parties.**

The final date to file a Motion to Amend the Pleadings is August 27, 2024. The final date to file a Motion to Join Parties is August 27, 2024.

**k) Final dates to file dispositive motions.**

The final date to file a dispositive motion is March 18, 2025.

**l) A statement regarding the prospects for settlement, including any alternative dispute resolution procedure that may enhance settlement prospects.**

The Parties, by and through their respective counsel and during their Rule 26(f) Planning Meeting have conferred as to the possibility of settlement. At this time, the Parties have been unable to resolve this matter and believe that mediation, after some discovery has been exchanged, may be beneficial.

**m) An estimate of trial length.**

Although this estimate is subject to change, the parties anticipate that this trial will take no more than three (3) days.

**n) Any other items encompassed by Rules 16(b) and 26(f).**

The Parties will comply with the default standards described in Local Rule 26.1(e), with the exception that the information required in Local Rule 26.1(e)(2) will be disclosed no later than fourteen (14) days after their Fed. R. Civ. P. 26(f) meeting, rather than prior to the meeting as contemplated in the Local Rules. At this time, the Parties do not anticipate any other issues with the items encompassed by Rules 16(b) and 26(f), other than as described above, with regard to the Agreed Protective Order and Confidentiality Agreement. It is possible that, as the matter progresses, the Parties may seek a modification, pursuant to the applicable Federal Rules of Civil of Procedure, and, at which time, they will request relief from the Court to make such modification.

**APPROVED BY:**

  s/Parker Simpson (with permission)  
Parker B. Simpson, Esq.
Samuel C. Wright, Esq.
MOCKINGBIRD LAW GROUP, PLLC
P.O. Box 282218
Nashville, TN 37228
Phone: (615) 280-0899
parker@mockingbirdlaw.com
sam@mockingbirdlaw.com
*Attorneys for Plaintiff*

  s/Austin Hord  
Louise C. Biedenharn, BPR #028256
Austin L. Hord, BPR #041157
HALL BOOTH SMITH, P.C
40 South Main Street, Ste. 2600
Memphis, TN 38103
lbiedenharn@hallboothsmith.com
ahord@hallboothsmith.com
*Attorneys for Defendants*