# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

CATHERINE CORNELIUS,
as mother and next friend to
GUY CORNELIUS, a minor,

    Plaintiffs,

v.                                         Case No. 2:24-cv-2054-MSN-atc
                                                              JURY DEMAND

HANGZHOU GREAT STAR INDUSTRIAL CO., LTD.;
GREATSTAR INDUSTRIAL USA, LLC; and
HAAS OUTDOORS, INC.,

    Defendants.

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a Scheduling Conference was held on June 28, 2024. Present were Parker B. Simpson, counsel for Plaintiffs, and Louise Biedenharn and Austin Hord, counsel for Defendants, Hangzhou Great Star Industrial Co., Ltd. and Great Star Industrial USA, LLC.[1] At the Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** July 16, 2024

**MOTIONS TO JOIN PARTIES:** August 27, 2024

**MOTIONS TO AMEND PLEADINGS:** August 27, 2024

**MOTIONS TO DISMISS:** September 26, 2024

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** December 12, 2024
            (Mediator must file Mediation Certification Form.)

---

[1] To date, Defendant Haas Outdoors, Inc. has not been served.

  **(b)**  **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **MEDIATOR'S NAME:** Trey Jordan, Floyd Flippin, Allen Blair, or Darryl Gresham

**COMPLETING ALL DISCOVERY:** February 20, 2025

 **(a)**  **WRITTEN DISCOVERY[2]:** February 20, 2025

 **(b)**  **DEPOSITIONS:** February 20, 2025

 **(c)**  **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

  **(1)**  **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** November 22, 2024

  **(2)**  **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** December 20, 2024

  **(3)**  **EXPERT WITNESS DEPOSITIONS:** February 20, 2025

**MOTIONS TO EXCLUDE EXPERTS/ DAUBERT MOTIONS:** March 18, 2025

**FILING DISPOSITIVE MOTIONS:** March 18, 2025

**JOINT PROPOSED PRETRIAL ORDER DUE:** Friday, August 8, 2025

**PRETRIAL CONFERENCE DATE:** Friday, August 15, 2025, at 9:30 a.m.

**JURY TRIAL:** August 25, 2025, at 9:30 a.m. Trial is anticipated to last approximately 2-3 days.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS:**

  As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the court's approval.

  Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

---

[2] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

Pursuant to Local Rule 16.3(d), within seven (7) days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful without disclosing the parties' respective positions in the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

*__This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.__*

**IT IS SO ORDERED**, this 28th day of June, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE